```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
LARRY NEGRON,                             :
                                          :
                    Plaintiff,            :    15cv8296 (DLC)
                                          :
       -v-                                :    OPINION & ORDER
                                          :
BANK OF AMERICA CORPORATION, BANK OF      :
AMERICA MERRILL LYNCH, BANC OF AMERICA    :
SECURITIES, LLC, NICK PINARLIGIL, JAMES   :
HOLLOWAY, STEVE CURTIS, THOMAS HOLZ,      :
and JEFF LOVVORN,                         :
                    Defendants.           :
----------------------------------------- X
```

APPEARANCES:

For the plaintiff Larry Negron:
Ian Francis Wallace
Law Offices of Ian Wallace, PLLC
501 Fifth Avenue, 19th Floor
New York, NY 10017

For the defendants:
Alice Kokodis
Littler Mendelson P.C.
One International Place
Boston, MA 02110

Laura Mae Raisty
Edwards Wildman Palmer LLP
111 Huntington Avenue
Boston, MA 02199

DENISE COTE, District Judge:

Plaintiff Larry Negron ("Negron") brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), alleging racial discrimination and retaliation against him by the

defendants, his former employer and managers.  The defendants have moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, and as stated on the record at the December 7, 2016 conference, the defendants' motion is granted in part.

## Discussion

The defendants' motion to dismiss in part is based on the various statutes of limitations applicable to each of the plaintiff's asserted claims.  These claims will be addressed in turn.

### I.  Title VII Claims

Under Title VII of the Civil Rights Act of 1964, a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the allegedly unlawful conduct.  See 42 U.S.C. § 2000e-5(e)(1).  Negron's EEOC charge was filed on November 17, 2014.  Therefore, Negron has timely stated a claim only as to conduct occurring after January 21, 2014.  Under the Lilly Ledbetter Fair Pay Act of 2009, Pub L. No. 111-2, 123 Stat. 5, Negron may, however, be permitted to seek back pay as far back as November 17, 2012, so long as he can show "similar or related" acts of discriminatory compensation after January 21, 2014.  See 42 U.S.C. § 2000e-5(e)(3)(B).

## II. Section 1981 Claims

To the extent that Negron's § 1981 claims could have been brought under that statute as it stood before its amendment in 1991 (the "pre-1991 claims"), the applicable statute of limitations, borrowed from New York law, is three years. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382-83 (2004); Patterson v. McLean Credit Union, 491 U.S. 164, 185 (1989), superseded by statute, Civil Rights Act of 1991, Pub. L. No. 102-166, § 101, 105 Stat. 1071, 1071-72; Curto v. Edmundson, 392 F.3d 502, 504 (2d Cir. 2004). Accordingly, with respect to the pre-1991 claims, Negron has timely stated a claim only as to conduct occurring after October 21, 2012.

To the extent that Negron's § 1981 claims were made possible by the 1991 amendment (the "post-1991 claims"), the applicable statute of limitations is four years. Jones, 541 U.S. at 382-83 (citing 28 U.S.C. § 1658). Accordingly, with respect to the post-1991 claims, Negron has timely stated a claim only as to conduct occurring after October 21, 2011.

## III. State and City Claims

The statute of limitations applicable to Negron's NYSHRL and NYCHRL claims is three years. Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007). The statute of limitations is tolled during the period in which a complaint is filed with the EEOC or the New York State Division

of Human Rights.  See Forrest v. Jewish Guild for the Blind, 765 N.Y.S.2d 326, 332 (1st Dep't 2003), aff'd, 819 N.E.2d 998 (N.Y. 2004), superseded by statute on other grounds, Local Civil Rights Restoration Act of 2005, N.Y.C. Local L. No. 85; Martinez-Tolentino v. Buffalo State Coll., 715 N.Y.S.2d 554, 555 (4th Dep't 2000).  Negron filed his EEOC charge on November 17, 2014, and received a right-to-sue letter on July 23, 2015. Therefore, the statute of limitations was tolled by 248 days, and Negron has timely stated a claim only as to conduct occurring after February 15, 2012.

Negron contends that under the NYCHRL's more permissive continuing-violations doctrine, he can assert claims stemming from discrete, related acts occurring outside the statute of limitations.  The NYCHRL does permit plaintiffs to connect such discrete acts so long as they "allege[] facts comprising a single continuing pattern of unlawful conduct extending into the limitations period."  Herrington v. Metro-N. Commuter R.R. Co., 988 N.Y.S.2d 581, 582 (1st Dep't 2014) (citation omitted). Here, however, Negron has made only conclusory allegations of such a pattern, and his factual allegations undermine his position by identifying years in which his performance reviews were not unfavorable or in which he does not allege discriminatory compensation decisions.  Even under the more liberal standard of the NYCHRL, Negron has failed to allege

4

continuing violations that would embrace conduct occurring before February 15, 2012.

**IV.  Claims Against Defendants Curtis and Lovvorn**

As to the individual defendants Steve Curtis and Jeff Lovvorn, Negron has not made factual allegations of discrimination or retaliation later than 2009.  Given that the longest applicable statute of limitations stretches back only to 2011, neither of these defendants could be individually liable for their conduct as alleged.  Accordingly, Negron's claims against Steve Curtis and Jeff Lovvorn are dismissed.

## Conclusion

The defendants' July 22, 2016 partial motion to dismiss the amended complaint is granted in part.  Negron's claims are cabined by the statutes of limitations as described above, and his claims against defendants Steve Curtis and Jeff Lovvorn are dismissed in their entirety.

Dated:    New York, New York
          December 13, 2016

```
                    _____
                         DENISE COTE
                  United States District Judge
```