```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
LARRY NEGRON,                             :
                                          :
                    Plaintiff,            :     15cv8296 (DLC)
                                          :
    -v-                                   :     OPINION & ORDER
                                          :
BANK OF AMERICA CORPORATION, BANK OF      :
AMERICA MERRILL LYNCH, BANC OF AMERICA    :
SECURITIES, LLC, NICK PINARLIGIL, JAMES   :
HOLLOWAY, STEVE CURTIS, THOMAS HOLZ,      :
and JEFF LOVVORN,                         :
                    Defendants.           :
----------------------------------------- X
```

APPEARANCES:

For the plaintiff Larry Negron:
Ian Francis Wallace
Law Offices of Ian Wallace, PLLC
501 Fifth Avenue, 19th Floor
New York, NY 10017

For the defendants:
Alice Kokodis
Laura Mae Raisty
Littler Mendelson P.C.
One International Place
Boston, MA 02110

DENISE COTE, District Judge:

Plaintiff Larry Negron ("Negron") brought this action in 2015, alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). With the completion of discovery near at hand, Negron has moved to voluntarily dismiss his amended complaint pursuant to Federal Rule of Civil

Procedure 41(a)(2).  For the following reasons, Negron's motion will be granted following the close of discovery subject to his consent to the conditions described below.

### Background

Negron filed this action on October 21, 2015, and an amended complaint on May 12, 2016.  On July 22, the defendants moved to dismiss the action, and on November 22, the case was reassigned to this Court.

At a conference on December 7, the Court granted the defendants' motion in part, dismissing all claims against defendants Steve Curtis ("Curtis") and Jeff Lovvorn ("Lovvorn") as well as ruling on the statute of limitations applicable to each of the remaining claims.  In particular, the Court found that the continuing-violations doctrine did not apply to Negron's claims, even when construed broadly as required by the NYCHRL.  The Court also set a January 27, 2017 deadline for the parties to respond to their initial document demands and an April 28, 2017 deadline for all fact discovery.  An Opinion setting out the Court's reasoning for its rulings was filed on December 13, 2016.  Negron v. Bank of Am. Corp., No. 15 Civ. 8296, 2016 WL 7238959 (DLC) (S.D.N.Y. Dec. 13, 2016).

By letters dated December 12, the parties identified two discovery disputes, namely, the appropriate comparators for Negron's discrimination claims and the scope of searches for

2

relevant emails in the defendants' systems.  At a conference on December 15, the Court limited certain discovery to comparators in Negron's business subgroup and imposed limits on e-discovery.

On December 16, Negron sought and was granted an extension of time to move for reconsideration of the decision on the motion to dismiss.  Despite the extension, Negron never made such a motion.  By letter dated December 20, Negron provided additional information concerning his request for comparator information, and the Court adhered to its previous ruling in a memo endorsement of December 21.

On January 20, Negron filed a complaint in the New York Supreme Court in Bronx County, alleging the same conduct underlying his federal claims but seeking relief under state and city law only.  Negron did not serve the defendants but sought their consent on January 9 to the voluntary dismissal of his federal claims with a "remand" of the remainder of the action to state court.[1]  The defendants replied that they would only consider such a stipulation if Negron agreed not to relitigate "the scope of discovery."  Negron did not agree.  On February 15, Negron notified the defendants that he had filed the state court action and requested that the defendants stipulate to dismissal of the federal lawsuit with the conditions that Negron

---

[1] Since the federal action had not been removed from state court, a remand is not available.

would not relitigate the scope of the defendants' responses to the plaintiff's document requests and would not renew his claims against Curtis and Lovvorn. The defendants rejected Negron's request the following day.

On February 20, Negron moved to voluntarily dismiss his federal claims with prejudice. The defendants oppose Negron's motion, which became fully submitted on March 13.

## Discussion

Because the defendants have answered the amended complaint and have not agreed to a stipulation of dismissal, this "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A motion to dismiss under this provision should not be granted "if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011) (citation omitted). Moreover, courts in this circuit consider the Zagano factors, which include:

> (1) the plaintiff's diligence in bringing the motion,
> (2) any undue vexatiousness on the plaintiff's part,
> (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

Id. (citation omitted); see Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).

All five Zagano factors favor the defendants. The plaintiff has not shown diligence.[2] This litigation began some 16 months ago, and Negron filed his motion with only weeks remaining in the discovery period. Having failed to move for reconsideration before this Court, Negron concedes that his motion is motivated by the desire to relitigate discovery and statute of limitations rulings he considers too restrictive. The defendants have expended time, expense, and effort litigating the plaintiff's claims and would be prejudiced by having to revisit these discovery disputes and legal rulings in a new forum. See D'Alto v. Dahon Cal., Inc., 100 F.3d 281, 284 (2d Cir. 1996).

Negron argues in his reply that he seeks dismissal because he grew up and presently resides in the Bronx. This argument does not offset the Zagano analysis. Both the state and federal courts in question maintain jurisdiction over the Bronx, and both courts would hold any trial in New York City. Cf. Iragorri v. United Techs. Corp., 274 F.3d 65, 70-73 (2d Cir. 2001) (en banc) (holding that, in the forum non conveniens context, deference is generally owed to a plaintiff's choice of forum,

---

[2] Despite being reminded that the discovery schedule remains in effect while this motion is pending, Negron has yet to respond to the defendants' November 2016 discovery requests.

but not where motivated by forum-shopping or desire to impose a tactical disadvantage).

In sum, the bottom-line inquiry -- whether the defendants would suffer prejudice -- weighs strongly against dismissal. Rule 41(a)(2), however, permits a dismissal to be conditioned on terms that a court considers proper.  See Gravatt v. Columbia Univ., 845 F.2d 54, 55 (2d Cir. 1988).  The potential prejudice to the defendants stems from the need to relitigate issues already resolved in their favor in this action.  The following conditions are designed to avoid such prejudice.

1. Negron shall not reassert his federal claims or any claims against Curtis and Lovvorn;
2. The parties shall complete discovery in federal court, and Negron will not seek to reopen discovery in state court;
3. Negron shall agree to be bound by this Court's decision on the applicable statutes of limitations and the continuing-violations doctrine in his state-court action.

These three conditions will afford Negron the opportunity to pursue his state-law claims in his forum of choice while also protecting the defendants from onerous relitigation.

## Conclusion

Negron's February 20, 2017 motion to voluntarily dismiss this action will be granted subject to the three aforementioned

6

conditions and following the close of fact discovery in federal court so long as Negron informs the Court by **April 10, 2017,** that he consents to these conditions.

Dated:   New York, New York
         April 3, 2017

                                        _____
                                        DENISE COTE
                                        United States District Judge